# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DEARIEUS DUHEART,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CR-26-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Dearieus Duheart challenges: his jury conviction of possession, with intent to distribute, marihuana, in violation of 21 U.S.C. § 841(a)(1); and his within-Sentencing Guidelines sentence of, *inter alia*, 24 months' imprisonment.

For his challenge to his conviction, Duheart contends the evidence is insufficient to prove he knowingly possessed the marihuana. In support of this

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-31009

assertion, he points to evidence he presented at trial, which he contends showed:  he had arrived at an alleged drug house only 10 minutes before police arrived; and the marihuana belonged to his co-defendant, Derrick Keelen, whose assistance Duheart had sought to secure a position at a local factory.

At the close of the Government's case, Duheart moved for a judgment of acquittal, on which the court deferred ruling.  He did not, however, renew his motion at the close of all the evidence, and the court never ruled on the original motion.  The parties do not address whether, given Duheart's failure to renew and the court's not ruling on the motion, our review of this claim is *de novo* or for plain error.  *See United States v. Delgado*, 672 F.3d 320, 328–31 (5th Cir. 2012) (en banc) (holding plain-error review applies where defendant entirely failed to move for judgment of acquittal in district court).  "Despite the government's failure to assert plain-error review, it is well-established that our court, not the parties, determines the appropriate standard of review."  *E.g.*, *United States v. Kalu*, 936 F.3d 678, 680 (5th Cir. 2019) (alteration, citation, and internal quotation marks omitted).  "Nevertheless, we need not determine the standard of review because, assuming *arguendo* [Duheart's sufficiency claim] [was] sufficiently preserved, [it] still fail[s]".  *Id.* (citation omitted).

Because the court deferred ruling on the motion, our review is limited to the evidence adduced during the Government's case-in-chief, which did not include the earlier-described evidence relied upon on appeal by Duheart.  *United States v. Carbins*, 882 F.3d 557, 562 n.2 (5th Cir. 2018) (citing Fed. R. Crim. P. 29(b); *United States v. Brown*, 459 F.3d 509, 523 (2006)). We review this evidence, "whether circumstantial or direct, in the light most favorable to the government, with all reasonable inferences and credibility choices to be made in support of the jury's verdict".  *United States v. Rodriguez*, 831 F.3d 663, 666 (5th Cir. 2016) (citation omitted).  "We determine only whether a

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt and are mindful that the jury retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of witnesses." *Id.* (alteration, citation, and internal quotation marks omitted).

To obtain a conviction under 21 U.S.C. § 841(a)(1), "the government must prove [defendant's] knowing possession of a controlled substance with the intent to distribute it" beyond a reasonable doubt. *United States v. Cardenas*, 748 F.2d 1015, 1019 (5th Cir. 1984) (citations omitted). Possession may be actual or constructive. *United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012) (citation omitted). In joint-occupancy-of-residence cases, as in this instance, constructive possession is satisfied "only when there is some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the illegal item". *Id.* (emphasis, citation, and internal quotation marks omitted).

The evidence presented in the Government's case-in-chief was, *inter alia*: an officer detected a strong odor of raw marihuana from outside a house; its windows were covered, and the house had minimal furniture, which the officer testified is consistent with a "trap house" used to package narcotics; upon obtaining consent to enter the house, the officer saw a table on which were a firearm and large quantities of marihuana in open, vacuum-sealed bags, which the officer testified are used to transport marihuana before distribution; and Duheart was seated at the table, within arm's reach of the marihuana, which was in plain view. A reasonable jury could conclude, therefore, that Duheart knew of the existence of the marihuana and had access to it. *See id.* at 419–21 (citations omitted).

For his sentencing challenge, Duheart contends the court violated the Sixth Amendment by relying on acquitted conduct in imposing a two-level

dangerous-weapon enhancement, pursuant to Guideline § 2D1.1(b)(1). (The jury had acquitted Duheart of possessing a firearm in furtherance of a drug-trafficking crime and of being a felon in possession of a firearm.) Because he did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Duheart must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

As Duheart concedes, his claim is foreclosed by *United States v. Watts*, 519 U.S. 148, 157 (1997) (citation omitted); he contends, however, that *Watts* was undermined by *United States v. Booker*, 543 U.S. 220 (2005). This claim is also foreclosed. *United States v. Jackson*, 596 F.3d 236, 243 n.4 (5th Cir. 2010) (citing *United States v. Farias*, 469 F.3d 393, 399 (5th Cir. 2006)).

AFFIRMED.